IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:25-cr-20-AW-MAL

WILLIAM B. HERNANDEZ
_____/

## STATEMENT OF FACTS

The defendant, William B. Hernandez, agrees to the following facts and admits that, if this case were to proceed to trial, the government could prove them beyond a reasonable doubt:

On July 5, 2025, law enforcement received a dispatch call from an individual who stated that a silver 2001 Mercedes occupied by two black males threw something at her vehicle, was traveling at over 100 mph, and was following her. Law enforcement located a vehicle that matched the description provided by the 911 caller in the general area described. The defendant was the driver of that vehicle.

After observing a speeding violation, law enforcement conducted a traffic stop on the defendant's vehicle in a residential neighborhood in Gainesville, Florida. At that time, the defendant's driver's license was suspended, the passenger had an active felony warrant, and neither the defendant nor the passenger could locate the proper registration for the vehicle.

Filed in Open Court
11-18-25
Clerk, U.S. District Court
Northern District of Florida

1

After the defendant and the passenger were detained and one of the officers located a cannabis stem in plain view, law enforcement conducted a probable cause search of the vehicle. While searching the vehicle, law enforcement located a backpack on the front passenger floorboard. The backpack contained the following items:

- A Springfield Armory Hellcat 9mm pistol;
- Approximately 40 grams of pressed pills, which the DEA lab determined to contain a low-purity amount of methamphetamine;
- Approximately 1 gram of powder, which the DEA lab determined to contain a low-purity amount of methamphetamine;
- Approximately 15 grams of methamphetamine in crystalline form, which lab results showed to be 61% ± 4% pure, for a total amount of pure substance of 9.55 ± 0.69 grams;
- An ATM transaction receipt for a $40 deposit into the defendant's bank account from earlier in the day;
- A digital scale; and
- A pack of sandwich bags.

Post-*Miranda*, the defendant admitted that everything in the backpack was his, that he knew he was a convicted felon, and that he was selling drugs. The defendant's fingerprint was also identified on one clear plastic lock seal bag from the backpack.

The defendant knowingly possessed and intended to distribute the methamphetamine. Furthermore, the defendant knowingly carried the 9mm pistol during and in relation to that drug trafficking crime. The firearm was loaded, located in the same backpack as the narcotics, and easily accessible by the defendant, who was not permitted to possess a firearm due to his convicted felon status. The defendant possessed the firearm to protect himself, including protecting himself from the risk of drug-related robberies.

The 9mm pistol was manufactured in the Country of Croatia. It was loaded with ten (10) rounds of ammunition, which were manufactured by Winchester in a facility located outside the state of Florida.

At the time of the offenses described herein, the defendant knew that he was previously convicted of eight felonies and, in fact, was recently released from prison after serving more than one year.

## Elements

The defendant can be found guilty of the charged crimes only if all the following facts are proved beyond a reasonable doubt:

**Count 1: Controlled Substances—Possession with Intent to Distribute**

 (1) the Defendant knowingly possessed a controlled substance; and

 (2) the Defendant intended to distribute the controlled substance.

<u>Sentencing Enhancement</u>

 (3) the offense involved at least 5 grams of methamphetamine.

**Count 2: Carrying a Firearm During a Drug-Trafficking Crime**

 (1) The Defendant committed the drug trafficking crime charged in Count 1 of the indictment; and

 (2) During and in relation to that crime, the Defendant knowingly carried a firearm.

**Count 3: Possession of a Firearm by a Convicted Felon**

 (1) The Defendant knowingly possessed a firearm;

 (2) At the time of the charged act, the defendant had previously been convicted of a crime punishable by imprisonment for more than one year;

 (3) At the time of the charged act, the defendant knew that he had been convicted of such an offense; and

 (4) The firearm had been transported in interstate or foreign commerce.

Based upon the facts presented above, which are not intended to be exhaustive for this case, the defendant agrees that, if this case were to proceed to trial, the government could prove each of these elements beyond a reasonable doubt.

JOHN P. HEEKIN
United States Attorney

_____
Darren Johnson
Attorney for Defendant

_____
Adam Hapner
Assistant United States Attorney

_____
William Hernandez
Defendant

_11/18/25_____
Date

_11/18/2025_____
Date

5